UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADRIEL OSORIO, on behalf of himself and all similarly situated persons, | ) **JURY TRIAL DEMANDED** ) ) No.: 15-cv-00015 |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE TILE SHOP, LLC, | ) ) |
| Defendant. | ) |

**CLASS ACTION COMPLAINT**

Plaintiff Adriel Osorio ("Plaintiff") brings this action on behalf of himself and all persons similarly situated, and alleges as follows against Defendant, The Tile Shop, LLC ("Defendant" or "Tile Shop"):

**INTRODUCTION**

1. This action seeks relief for past and present "Tile Shop" employees, whom Defendant: 1) failed to pay appropriate overtime in violation of the Fair Labor Standards Act (FLSA) and applicable state law; and 2) made deductions to their wages, without written authorization, in violation of applicable state law.

**PARTIES, JURISDICTION, AND VENUE**

2. Defendant is a Limited Liability Company organized under the laws of the State of Delaware and has its principal offices in Plymouth, Minnesota.

3. Defendant employed Plaintiff in Defendant's "Tile Shop" retail stores, at relevant times, in New Mexico and Illinois. Plaintiff's employment with Defendant in Illinois occurred at one of Defendant's retail stores located in this Judicial District. From approximately October 2013 to February 2014 Plaintiff was employed in Defendant's retail store in Skokie, Illinois as a

sales associate. From approximately March 2014 to July 2014 Plaintiff was employed in Defendant's retail store in Albuquerque, New Mexico as an assistant manager.

4. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. The Court also has jurisdiction over the state-law claims under 28 U.S.C. § 1367 because those claims are so related to the federal claim that they form part of the same case or controversy. As fully described in detail herein, Plaintiff's state and federal claims arise out of a common nucleus of operative fact; the herein-described facts give rise both to Plaintiff's federal and state law claims as set forth below.

6. Alternatively, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d)(2). Based on the total value of the claims of Plaintiff and the other Class members, the total amount in controversy in this case exceeds $5,000,000.

7. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant regularly does business in this Judicial District, and/or a substantial part of the events or omissions giving rise to Plaintiff's claims arose in this District.

**FACTS**

8. Defendant owns and/or operates retail stores that are in the business of selling manufactured and natural stone tiles, setting and maintenance materials, and related accessories. Defendant caused hundreds of similarly situated workers that are the subject of this action to be employed and/or paid at their retail stores.

9. The duties of Defendant's retail store employees (including sales associates and assistant managers), who are non-exempt under the FLSA (collectively herein, "Retail Store Employees"), include, but are not limited to: 1) selling Defendant's tile/stone and additional

products and/or supplies that support tile installation at Defendant's retail stores; 2) providing customers service to customers who enter Defendant's retail stores; and 3) maintaining internal and external store appearance.

10. Defendant incorrectly informs its Retail Store Employees that they are exempt employees under section 7(i) of the FLSA. However, as discussed further herein, Defendant's Retail Store Employees are in fact not subject to this exemption, and are hence non-exempt employees and therefore are subject to FLSA overtime obligations.

11. Defendant expects and requires its Retail Store Employees to work in excess of forty (40) hours each week. Defendant's job description for its sales associates in its retail stores states that they are to work 50-55 hours each week in the retail store.

12. Defendant's wage payments to its Retail Store Employees, including Plaintiff, consists solely of commissions and other similar incentive payments, and does not include any hourly wage component.

13. Each Retail Store Employee receives a paycheck on a bi-monthly pay schedule.

14. In the event that a Retail Store Employee's commissions and other similar incentive payment are less than $1,000.00 in a pay period, Defendant pay each Retail Store Employee an additional amount, which Defendant refers to as a "subsidy" or "draw", so that the total wages received in the bi-monthly pay period equal $1,000.00.

15. However, when a Retail Store Employee subsequently earns commissions and other similar incentive payments in a pay period over $1,000.00, Defendant then deducts amounts for the previously paid subsidy from that paycheck.

16. Defendant's policies specifically describe this wage payment method as follows:

> All full time sales representatives' compensation is comprised of commissions earned on Net Sales gross profit dollars, Spiffs earned on Net Sales dollars, and

3

periodic incentives. If compensation earned during a pay period is less than $1,000.00 dollars, the employee will be paid the difference as a recoverable draw. This draw will be recovered from future compensation in excess of $1,000.00 on the following pay periods until paid in full.

17. For example, in Plaintiff's paycheck paid on December 20, 2013, Defendant deducted $247.74 from Plaintiff's pay to reclaim part of a previously paid subsidy. Similarly, in Plaintiff's paycheck paid on February 7, 2014, Defendant deducted $893.72 from Plaintiff's pay to reclaim part of a previously paid subsidy. Both of the above deductions occurred while Plaintiff resided in Illinois and was employed by Defendant at Defendant's store in Illinois.

18. Defendant did not obtain Plaintiff's consent or written authorization for the deductions made to his pay and Defendant has a policy of not obtaining such consent from Plaintiff and other similarly situated Retail Store Employees when Defendant makes deductions to their pay.

19. Defendant's above described wage payment policy and practices fail to pay Plaintiff and other similarly situated Retail Store Employees time and a half for hours worked in excess of forty (40) hours each week.

20. Plaintiff regularly worked in excess of forty (40) hours each week and received no overtime compensation and Defendant requires each of its Retail Store Employees to regularly work in excess of forty (40) hours a week without receiving overtime compensation.

## COLLECTIVE ACTION ALLEGATIONS

21. As more fully set forth below, Plaintiff brings Count I of this Complaint individually and on behalf of the following Collective as a collective action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b):

> **Collective:**
> All persons employed in Defendant's retail sales locations in the United States, except store managers, who were paid commissions, bonuses and others

incentives in weeks in which they worked in excess of forty (40) hours at any time in the three years preceding the filing of this Complaint, up to and including the date of trial.[1]

Excluded from the Collective are current and former executives and officers of the Defendant, Defendant's counsel, Plaintiff's counsel, and any member of the judiciary presiding over this action.

22. An FLSA collective action will benefit Plaintiff and other employees who were similarly subject to Defendant's practice of failing to correctly pay overtime wages.

23. The number and identity of such similarly situated employees are ascertainable from Defendant's records.

24. The facts set forth here satisfy the lenient requirements for maintenance of a collective action under Section 216(b) of the FLSA.

25. Plaintiff consents to join this collective action. *See* Exhibit A.

## COUNT I

### VIOLATION OF THE FLSA FOR FAILURE TO PAY OVERTIME ADJUSTMENTS

26. Plaintiff repeats and realleges the preceding paragraphs as if fully alleged herein, and brings Count I individually and on behalf of the Collective.

27. Defendant, by its conduct set forth herein, knowingly and willfully violated the FLSA, 29 U.S.C. § 201 *et seq*.

28. At relevant times, Plaintiff and other members of the Collective were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), and Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

---

[1] Plaintiff reserves the right to modify the Collective definition as appropriate.

29. Pursuant to the FLSA, Defendant is required to pay employees a rate of one and one-half their regular rate of pay for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a)(1).[2]

30. Plaintiff and the Collective earned commissions, bonus, and other incentive payments (collectively herein, "commissions") attributable to weeks in which they worked overtime and as a result Defendant must include said payments in Plaintiff's and the Collective members' regular rate of pay for purposes of calculating their overtime. *See* 29 C.F.R. § 778.117.

31. To compensate for the inclusion of commissions in the regular rate of pay, additional amounts must be paid to Plaintiff and the Collective in the form of an overtime adjustment ("overtime adjustment" or "true-up"). *See* 29 C.F.R. §§ 778.118, 778.119, 778.120.

32. The relevant federal regulation sets out an applicable formula for the calculation of these overtime adjustments, which requires that an employer determine the amount of overtime worked in a workweek and the amount of commission that was earned in that same workweek, and then calculate the overtime adjustment due therefrom for that particular workweek. *See* 29 C.F.R. § 778.120.

---

[2] The FLSA bars Defendant from paying Plaintiff and other members of the Collective solely commissions and other incentives, as in order to do so "…the regular rate of pay of such employee [must be] in excess of one and one-half times the minimum hourly rate applicable to him under section 6 [29 USCS § 206]…." 29 U.S.C. § 207(i). However, Plaintiff's and other members of the Collective's regular rate of pay often was not in excess of one and one-half times the minimum applicable hourly rate. One and one-half times the minimum hourly rate contained in 29 U.S.C. § 206 is $10.88. However, Plaintiff only received: $9.34 per hour worked in his paycheck of October 22, 2013; $10.42 per hour worked in his paycheck of December 6, 2013; $10.16 per hour worked in his paycheck of December 20, 2013; $10.18 per hour worked in his paycheck of January 22, 2014; $9.39 per hour worked in his paycheck of February 21, 2014; $8.52 per hour worked in his paycheck of April 7, 2014; and $9.11 per hour worked in his paycheck of June 6, 2014.

33. Defendant failed to abide by these regulations, as Defendant was required to pay Plaintiff and the Collective overtime at a rate of one and one-half their regular rate of pay for hours worked in excess of 40 in a workweek, including applicable overtime adjustments for commissions earned, however, Defendant has not paid Plaintiff and the Collective any overtime adjustments despite their regular earning of commissions in weeks in which they worked in excess of 40 hours.

34. This failure to pay overtime adjustments was willful and resulted in a failure to pay Plaintiff and the Class all overtime wages due to them.

35. Within the past three years, Defendant's above-described decisions, practices and policies prevented Plaintiff and other Retail Store Employees from receiving the appropriate overtime compensation for all hours worked in excess of 40 per workweek.

36. No FLSA exemption or regulation permits Defendant to not pay Plaintiff and the Collective overtime adjustments.

37. As a result of Defendant's aforementioned conduct, Plaintiff and the Collective were denied proper and timely overtime wages as set forth above for time worked in excess of 40 hours per week during the Collective period, and are entitled to damages, including unpaid overtime adjustments and liquidated damages, as permitted by the FLSA, in amounts to be proven at trial.

**CLASS ACTION ALLEGATIONS**

38. As more fully set forth below, Plaintiff brings Counts II and III of this Complaint individually, and pursuant to Fed. R. Civ. P. 23 on behalf of the following Classes of similarly situated persons:[3]

---

[3] Unless otherwise noted, the "Class" as used in this Complaint refers to both the Deduction

> **Deduction Class:**
> All persons employed in Defendant's retail sales locations in the State of Illinois, except store managers, who had previously paid compensation or a previously paid "draw" deducted from their wages at any time in the ten years preceding the filing of this Complaint, up to and including the date of trial.
>
> **Overtime Class:**
> All persons employed in Defendant's retail sales locations in the State of Illinois, except store managers, who were paid wages on a commission and incentive only basis and worked in excess of forty hours in any workweek, at any time in the three years preceding the filing of this Complaint, up to and including the date of trial.[4]

Excluded from the Class are current and former officers of Defendant, Defendant's counsel, Plaintiff's counsel, and any member of the judiciary presiding over this action.

39. Plaintiff reasonably believes that the Class includes at least a hundred members, making joinder of all members of the Class impracticable.

40. Plaintiff's claims are typical of the claims of other Class members.

41. Plaintiff will fairly and adequately protect the interests of the Class; Plaintiff has no interests antagonistic to the Class; and Plaintiff has retained counsel competent and experienced in class action litigation.

42. A class action provides a superior and manageable method for fairly and efficiently adjudicating this controversy because, among other things, joinder of all members of the Class is impracticable, and many members of the Class cannot feasibly vindicate their rights by individual suits because the monetary value of their recoveries are outweighed by the burden and expense of litigating individual actions against the corporate Defendant.

---

Class and the Overtime Class.

[4] Plaintiffs reserve the right to modify the Class definitions as appropriate, and to plead additional supporting causes of action.

43. Common questions of law and fact exist as to all members of the Class, and predominate over questions affecting only individual Class members, including, without limitation, as follows:

    a. Whether Defendant failed to pay overtime to Plaintiff and other members of the Class as set forth herein;

    b. Whether Defendant failed to obtain proper consent before deducting wages from Plaintiff and other members of the Class as set forth herein;

    c. Whether Defendant's conduct violates the IMWL, IWPCA and similar state statutes; and

    d. Whether Plaintiff and the Class are entitled to back pay, damages, and penalties allowed by applicable law.

## COUNT II

### VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT FOR UNAUTHORIZED WAGE DEDUCTIONS

44. Plaintiff repeats and realleges paragraphs 1-20 and 38-43 as if fully alleged herein, and brings Count II individually and on behalf of the Deduction Class.

45. Defendant is an employer and Plaintiff and members of the Deduction Class are employees within the meaning of the Illinois Wage Payment and Collection Act ("IWPCA"). 820 ILCS 115/2.

46. Pursuant to the IWPCA, 820 ILCS 115/9, Defendant is prohibited from deducting Plaintiff's and other Deduction Class members' wages, as described above in paragraphs 12-18, unless Defendant meets certain exceptions, which Defendant has the burden of proving under 56 Ill. Adm. Code § 300.710.

47. No such exception applies in this case and therefore Defendant's deductions are unlawful. *See* 820 ILCS 115/9 (prohibiting employers from deducting wages unless "(1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or

9

wage deduction order; (4) made with the express written consent of the employee, given freely at the time the deduction is made; (5) made by a municipality....").

48. In the instances described more fully above, *see supra* ¶¶ 12-18, Defendant deducted wages from Plaintiff's and other Deduction Class members' paychecks without receiving authorization at the time said deductions were taken or at the time of any cash advance.

49. Defendant failed to obtain the "express written consent of the employee… at the time the deduction is made." 820 ILCS 115/9. Nor did Defendant receive authorization for the deductions from Plaintiff or other members of the Deduction Class wages at the time of any advance of wages. *See* 56 Ill. Adm. Code § 300.720 ("[a]ny written agreement between employer and claimant permitting or authorizing deductions from wages or final compensation must be given freely at the time the deduction is made. In the case of cash advances, the agreement may be made either at the time of the deduction or at the time of the advance itself.")

50. Such deductions from wages violate the IWPCA.

51. Defendant willfully and knowingly committed the aforementioned violation of the IWPCA.

52. As a result of Defendant's unauthorized deductions, Plaintiff and the Deduction Class were damaged and are entitled to appropriate relief in an amount to be proven at trial.

53. Plaintiff seeks to recover from Defendant any wages improperly deducted from Plaintiff and other Deduction Class members' paychecks, plus applicable interest, and statutory damages and penalties. *See* 820 ILCS 115/14.

## COUNT III

### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

54. Plaintiff repeats and realleges paragraphs 1-20 and 38-53 as if fully alleged herein, and brings Count III individually and on behalf of the Overtime Class.

55. The Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL") provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed." 820 ILCS 105/4a

56. As further discussed above, Defendant has failed to pay Plaintiff and other members of the Overtime Class overtime compensation at a rate of one and one-half their regular rate of pay for hours worked in excess of forty (40) in a workweek, even though Plaintiff and other members of the Overtime Class regularly work in excess of forty (40) hours in a workweek.

57. Plaintiff and other members of the Overtime Class are not subject to any of the IMWL's exemptions to the payment of overtime at a rate not less than 1 1/2 times the regular rate at which he is employed. *See* 820 ILCS 105/4a(2).

58. Pursuant to state overtime laws, such as the IMWL and relevant regulations, the regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including any and all payments of commissions – *e.g.*, 1.5 times a composite of the hourly rate *and* commissions, as reflected in overtime "true-ups" as defined above. *See also* 56 Ill. Admin. Code §§ 210.410, 210.430(i).

59. As set forth above, Defendant failed to properly compensate Plaintiff and the Overtime Class for overtime at a rate of one and one-half times their regular rates of pay for overtime hours worked.

60. Plaintiff and other members of the Overtime Class are entitled to recover the amount of any and/or all underpayments in violation of the IMWL. *See* 820 ILCS 105/12(a).

61. Further, Plaintiff and other members of the Overtime Class are entitled to damages for each month that elapsed without receiving timely overtime payments due. *E.g.,* IMWL, 820 ILCS 105/12(a) (prescribing "damages of 2% of the amount of any such underpayments *for each month* following the date of payment during which such underpayments remain unpaid") (emphasis added).

62. As a result of Defendant's above-described illicit conduct in violation of the IMWL, Plaintiff and other Overtime Class members were damaged and are entitled to payment of their due and owing overtime compensation and any applicable penalties and interest.

63. Defendant is an employer and Plaintiff and members of the Overtime Class are employees within the meaning of the IWML, and similar state statutes.

64. Plaintiff seeks to recover from Defendant overtime wages for overtime worked as set forth above, plus statutory damages, attorneys' fees, and costs. *See* 820 ILCS 105/4a, 12a.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays that the Court grant the following relief:

a. Find that this case may be properly maintained as a FLSA collective action, and as a class action pursuant to Fed. R. Civ. Pr. 23, and appoint Plaintiff as Class representative and Plaintiff's counsel as Class counsel;

b. Order issuance of notice to the Collective;

c. Find that Defendant violated and willfully violated the FLSA, and enter judgment in Plaintiff's favor and against Defendant accordingly;

d. Find that Defendant violated the IWPCA, and enter judgment in Plaintiff's favor and against Defendant accordingly;

e. Find that Defendant violated the IMWL, and enter judgment in Plaintiff's favor and against Defendant accordingly;

f. Declare the rights of the parties and provide commensurate injunctive relief;

g. Award any back pay due to Plaintiff and the Collective for any unpaid overtime wages according to the applicable statute of limitations;

h. Award liquidated damages to Plaintiff and the Collective equal to the amount of unpaid back wages, pursuant to the FLSA;

i. Award damages, back pay, and compensation to Plaintiff and other members of the Class, including the full amount of overtime wages, statutory and punitive damages, penalties and interest allowed under the IWPCA and IMWL;

j. Award prejudgment interest with respect to the total amount of unpaid overtime compensation to the extent permitted by applicable law;

k. Establish a constructive trust, until further order of the Court, consisting of monies improperly withheld by Defendant due to their above-described improper conduct;

l. Award reasonable attorneys' fees and costs to Plaintiff's counsel as allowed by applicable law and statute; and

m. Award such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all causes of action and matters.

Respectfully submitted,

Adriel Osorio, on behalf of himself and all similarly situated persons

By: /s Mark A. Bulgarelli, Esq.
One of Plaintiff's Attorneys

Mark A. Bulgarelli, Esq.
Ilan Chorowsky, Esq.
Elizabeth Roberson-Young, Esq.
PROGRESSIVE LAW GROUP LLC
1 N. LaSalle Street, Suite 2255

Chicago, IL 60602
(312) 787-2717 (voice)