# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ADRIEL OSORIO, on behalf of himself and all similarly situated persons, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 15 C 15 |
| THE TILE SHOP, LLC, ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

From October 2013 to February 2014, plaintiff Adriel Osorio worked in Illinois for defendant The Tile Shop, LLC at "The Tile Shop" retail stores as a sales associate, selling manufactured and natural stone tiles, setting and maintenance materials, and related accessories. Osorio also worked as an assistant manager at a store in New Mexico from March 2014 to July 2014.

Osorio alleges that Tile Shop expected and required all of its employees to work in excess of 40 hours each week. Specifically, he alleges in his amended complaint that the job description for his position stated that sales associates must work 50-55 hours per week in the store. Osorio alleges, however, that he was not paid overtime compensation. Rather, Tile Shop paid its employees on a commission and incentive basis without any hourly wage or overtime component.

The written offer of employment that Osorio received from Tile Shop, which he

has attached to his amended complaint, stated that his employment was on an at-will basis and that he would be paid pursuant to the company's "Pay Plan Policy," which the offer letter stated was "enclosed for your review."  Am. Compl., Ex. A.  The offer letter contained a line for Osorio to sign, signifying that he "accept[s] the offer of employment as described above."  *Id.*  Osorio signed the offer, thereby accepting it.

The pay plan policy referenced in Osorio's offer, which Tile Shop has attached to its motion for judgment on the pleadings, describes how salespersons like Osorio are paid.  Def.'s Mot. for Judg. on Pleadings, Ex. A.  The policy states that the company classifies salespersons as exempt under the Fair Labor Standards Act (FLSA) and pays them on a commission basis, with the applicable percentages and amounts described in detail in the policy.  The policy also states that if commissions and incentive payments are less than $1,000 for a half-month pay period, Tile Shop pays the employee a subsidy so that the total amount of compensation that the employee receives for that period equals $1,000.  The policy further states that the amount of any such subsidies will be deducted from future compensation that exceeds $1,000 for a pay period.

In this lawsuit, Osorio challenges his classification as an exempt employee and contends that he was entitled under the FLSA and the Illinois Minimum Wage Law (IMWL) to be paid overtime wages for hours worked in excess of forty per week.  Osorio also asserts a claim under the Illinois Wage Payment and Collection Act (IWPCA).  In that claim, he alleges that Tile Shop improperly made two deductions from his paycheck.[1]  He alleges that Tile Shop made both of these deductions to recoup earlier pay subsidies.  Osorio contends that Tile Shop made these deductions without written

---

[1] Specifically, Osorio alleges a deduction of $247.74 from his Dec. 20, 2013 paycheck and a deduction of $893.72 from his Feb. 7, 2014 paycheck.

authorization from him and that as a result the deductions violated the IWPCA.

Tile Shop has moved for judgment on the pleadings on Osorio's IWPCA claim, Count 2 of his amended complaint. It argues that Osorio has not sufficiently alleged that wages were due to him pursuant to "an employment contract or agreement" as required to state a claim under the IWPCA. Tile Shop also argues that the deductions were made pursuant to Osorio's express written consent, making them permissible under the IWPCA.

## Discussion

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is assessed under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g., N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Accordingly, Osorio must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court takes the facts alleged by Osorio as true and draws reasonable inferences from those facts in his favor. *E.g., Vimich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). In this case, however, the Court is not limited to the allegations set forth in the body of Osorio's complaint. Osorio attached the signed offer of employment to his complaint. Under Federal Rule of Civil Procedure 10(c), a "written instrument" attached to a complaint is considered part of the complaint. The offer letter is unquestionably an instrument—that is, "a document that defines a party's rights, obligations, entitlements, or liabilities." *Williamson v. Curran*, 714 F.3d 432, 435-36 (7th Cir. 2013). And the offer letter, in turn, expressly incorporates Tile Shop's written pay plan policy that was provided to Osorio along with the offer letter. Because the offer letter, which is part of

3

the complaint, references the pay plan policy, the Court may likewise consider the policy in deciding Tile Shop's motion. *See id.* ("documents that are central to the complaint and are referred to in it" may be considered on a Rule 12 motion).

In Count 2, Osorio alleges that Tile Shop violated the IWPCA, 820 ILCS 115/9, by making improper deductions from his compensation. The IWPCA does not itself establish a substantive right to payment; rather, it requires an employee to pay "wages earned," *id.* 115/3, defined as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties . . . ." *Id.* 115/2. In this case, Osorio relies on a provision of the IWPCA that, in pertinent part, prohibits an employer from making deductions from wages "unless such deductions are . . . made with the express written consent of the employee, given freely at the time the deduction is made." *Id.* 115/9. Specifically, Osorio contends that Tile Shop's deductions from his paychecks to recoup previously-paid subsidies were improper under the IWPCA because Tile Shop did not have his express written consent to make the deductions.

Tile Shop contends that the IWPCA does not apply because Osorio was an at-will employee and there was no "employment contract or agreement." The Court disagrees. There may not have been an employment "contract" as such, but the statute's use of the phrase "contract *or agreement*" reflects that it covers less-formal agreements that might not constitute an employment contract under Illinois law. As the Illinois Appellate Court concluded in *Zabinsky v. Gelber Group, Inc.*, 347 Ill. App. 3d 243, 807 N.E.2d 666 (2004), under the IWPCA "[a]n 'agreement' is broader than a contract and requires only a manifestation of mutual assent on the part of two or more

4

persons; parties may enter into an 'agreement' without the formalities and accompanying legal protections of a contract." *Id.* at 249, 807 N.E.2d at 671. In *Zabinsky*, the plaintiff argued that the defendant breached an oral agreement and failed to provide compensation in the form of salary, bonuses, and other benefits agreed upon when the plaintiff accepted the job. The court held that because there was mutual assent, the IWPCA applied even though there was no otherwise enforceable employment contract. *Id.* at 250, 807 N.E.2d at 672. *Accord, Landers-Scelfo v. Corporate Office Sys., Inc.*, 356 Ill. App. 3d 1060, 1067, 827 N.E.2d 1051, 1059 (2005).

In this case, Osorio has sufficiently alleged the existence of an agreement sufficient to support his IWPCA claim. There appears to have been mutual assent to the terms of the offer letter; it was signed by both Tile Shop and Osorio, and the letter, as drafted by Tile Shop, specifically asked Osorio to sign a copy and return it to Tile Shop's store manager to demonstrate his intention to work for the company pursuant to the letter's terms. In addition, the offer letter expressly incorporated Tile Shop's pay plan policy, a copy of which accompanied and was incorporated in the offer letter.

The fact that the offer letter included a disclaimer stating that it did not constitute a contract, or the fact that the pay plan can be modified, is of no consequence. A disclaimer preventing the formation of an employment contract does not prevent the formation of an "agreement" covered by the IWPCA. *Wharton v. Comcast Corp.*, 912 F. Supp. 2d 655, 658-59 (N.D. Ill. 2012). In this regard, to the extent this Court's decision in *Skelton v. American Intercontinental University Online*, 382 F. Supp. 2d 1068, 1075 (N.D. Ill. 2005), says otherwise, the Court disavows that decision; it was incorrect on this point. As for Tile Shop's ability to modify the pay plan, that does not prevent it from

being an "agreement" either, given the incorporation of the existing pay plan into the signed offer of employment. In sum, Osorio has sufficiently alleged the existence of an agreement within the meaning of the IWPCA.

Tile Shop also contends that its deductions from Osorio's pay to recoup the previously-paid subsidies were permissible under the IWPCA. As indicated earlier, as applicable here, the IWPCA prohibits an employer from making deductions from wages unless the deduction is "made with the express written consent of the employee, given freely at the time the deduction is made." 820 ILCS 115/9. Tile Shop's pay plan policy states that "[i]f compensation earned during a pay period is less than $1,000, the employee will be paid the difference as a recoverable draw. This draw will be recovered from future compensation in excess of $1,000.00 on the following pay periods until paid in full." Def.'s Mot., Ex. A.

Osorio argues that his assent to the pay plan policy's advance-and-deduction methodology does not constitute express consent "at the time the deduction is made" within the meaning of the IWPCA because he agreed to the policy up front, not at the time of each deduction. Osorio relies on a provision of the Illinois Administrative Code interpreting the IWPCA stating as follows:

> a) Any written agreement between employer and claimant permitting or authorizing deductions from wages or final compensation must be given freely at the time the deduction is made. In the case of cash advances, the agreement may be made either at the time of the deduction or at the time of the advance itself.
>
> b) When a deduction is to continue over a period of time and the written agreement provides for that period of time, provides for the same amount of deduction each period and allows for voluntary withdrawal for the deduction, the agreement shall be considered to be given freely at the time the deduction is made.

56 Ill. Admin. Code 300.720. Osorio contends that this provision, which permits advance authorization of wage deductions, does not authorize the deductions Tile Shop made, because each deduction differed in amount. Section 300.720, however, only says what *does* constitute, in certain circumstances, authorization under the IWPCA; it does not purport to completely describe what *does not* qualify.

Another provision of the Illinois Administrative Code states that "If a cash advance is to be repaid through payroll deductions, both the employer and the employee must sign an agreement specifying the amount of the advance, the repayment schedule, and the method of repayment." *Id.* § 300.750. This is exactly what took place here; Osorio was in effect getting periodic cash advances and then was being required to repay them. And the pay deductions that Osorio challenges were appropriately authorized within the meaning of section 300.750. Both Tile Shop and Osorio signed and accepted the offer of employment, which expressly incorporated the company's pay plan policy, thus making that policy part of their agreement. The pay plan policy explains in detail how amounts will be advanced—as needed to bring the employee's bi-monthly pay up to $1000—and how those amounts will be repaid—by deduction from later bimonthly pay that exceeds $1000. Osorio agreed to that methodology up front, and this is sufficient under the IWPCA to authorize Tile Shop to recoup its prior advances. The Court notes that Osorio does not challenge the accuracy of any particular deduction; if he did, that might give rise to a viable IWPCA claim regarding the particular deduction.

In short, Osorio may well have a viable claim under the FLSA and IMWL that he was improperly classified as exempt and was entitled to overtime pay, but he does not

7

have a viable claim under the IWPCA that irrespective of the appropriate pay rate, the deductions made from his pay were improper.

## Conclusion

For the reasons stated above, the Court grants Tile Shop's motion for judgment on the pleadings on Count 2 of Osorio's amended complaint [dkt. no. 41]. The ruling and status hearing set for December 3, 2015 is vacated and reset to December 7, 2015 at 9:30 a.m.

Date: November 27, 2015 _____
MATTHEW F. KENNELLY
United States District Judge

8