IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADRIEL OSORIO, on behalf of himself and all similarly situated persons, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 15 C 15 |
| THE TILE SHOP, LLC, ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Adriel Osorio alleges that during the time he worked for The Tile Shop, LLC, he was required to work 50–55 hours per week but was not paid overtime compensation in violation of the Fair Labor Standards Act (FLSA) and the Illinois Minimum Wage Law (IMWL). He also alleges that Tile Shop made two unauthorized deductions from his paycheck in violation of the Illinois Wage Payment and Collection Act (IWPCA), 825 ILCS 115/9.

Tile Shop moved for partial judgment on the pleadings on Osorio's IWPCA claim, count 2 of his amended complaint. The Court granted Tile Shop's motion, concluding that based on Osorio's complaint and the documents attached to and referred to in it, Tile Shop could not have violated the IWPCA because the deductions were made pursuant to Osorio's prior authorization to repay cash advances. *See Osorio v. The Tile Shop, LLC*, No. 15 C 15, 2015 WL 7688442, at *4 (N.D. Ill. Nov. 27, 2015).

Osorio has moved for reconsideration of the Court's ruling. For the reasons

stated below, the Court denies Osorio's motion to reconsider.

## Discussion

The IWPCA prohibits an employer from deducting earned wages from an employee's compensation except under certain particular circumstances. Deductions are permitted only where they are "(1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; [or] (4) made with the express written consent of the employee, given freely at the time the deduction is made."[1] 820 ILCS 115/9. In his amended complaint, Osorio alleges that Tile Shop deducted $247.74 (19.855% of his paycheck) from his compensation on one occasion and $893.72 (47.194% of his paycheck) on another.

In its decision granting Tile Shop's motion for partial judgment on the pleadings, the Court concluded that by signing the Pay Plan Policy attached to his offer of employment, Osorio gave advance authorization of the wage deductions at issue. The Court relied in part on section 300.750 of the Illinois Administrative Code, which is part of a set of regulations implementing the IWPCA. The regulation states that "[i]f a cash advance is to be repaid through payroll deductions, both the employer and the employee must sign an agreement specifying the amount of the advance, the repayment schedule, and the method of repayment." 56 Ill. Admin. Code 300.750. The Court found that Tile Shop's deductions could not violate the IWPCA because they were "made with the express written consent of the employee, given freely at the time the deduction [was] made," 820 ILCS 115/9, due to the fact that they were deductions that Osorio had authorized for Tile Shop to recoup cash advances.

---

[1] There are also exceptions, not relevant here, for deductions made by government entities. See 820 ILCS 115/9(5)–(6).

Osorio asks the Court to vacate its determination that Tile Shop's deductions were authorized recoupments of cash advances. He argues that in order for an employee's authorization to amount to "express written consent of the employee," the employee must strike two separate agreements with the employer: one that authorizes "deductions" pursuant to section 300.720 of the Illinois Administrative Code and one that authorizes "repayments" pursuant to section 300.750. Osorio contends that he did not authorize deductions because he signed one agreement—the Pay Plan Policy— rather than two. Osorio also argues that even if the Pay Plan Policy can serve as a valid agreement under both of these administrative regulations, it cannot provide valid authorization for the deductions Tile Shop took. He relies on a separate provision of the Illinois Administrative Code stating that express written authorization does not exist where an agreement to repay cash advances permits deductions of more than fifteen percent of the claimant's earned wages. *See* 56 Ill. Admin. Code 300.800.

In its ruling on Tile Shop's motion for partial judgment on the pleadings, the Court concluded that Osorio gave express written authorization for the deductions alleged in his complaint. The Court did so on the basis that the deductions looked similar to recoupment of cash advances, and the Pay Plan Policy appeared to comply with the regulations' requirements for express written agreements to permit recovery of such advances. Both parties insist that these deductions were not made to recoup cash advances, but this does not matter: even if it was not an agreement to repay cash advances, the Pay Plan Policy that Osorio signed was sufficient to provide express written authorization for the deductions at issue.

According to the Illinois Administrative Code, express written authorization

occurs when an employer and a claimant enter into "[a]ny written agreement . . . permitting or authorizing deductions from wages or final compensation . . . given freely at the time the deduction is made." 56 Ill. Adm. Code 300.720(a). This cannot mean that where an employee signs an agreement to permit regular deductions on a biweekly basis where necessary to reimburse his employer for subsidies, he still must authorize every deduction from every paycheck on a paycheck-by-paycheck basis. *See Bell v. Bimbo Foods Bakeries Distrib., Inc.*, No. 11 C 3343, 2013 WL 6253450, *5 (N.D. Ill. Dec. 3, 2013). At the time he signed his offer of employment, Osorio agreed to be bound by the terms of the Pay Plan Policy. Based on that Policy, Osorio knew exactly how much of each paycheck he would be required to give up if he received subsidies in earlier pay periods and exceeded $1,000 in commissions in subsequent pay periods. Tile Shop cannot now be held liable for making deductions that Osorio expressly authorized.

## Conclusion

For the foregoing reasons, the Court denies Osorio's motion for reconsideration [dkt. no. 72].

                                                                    _____
                                                                            MATTHEW F. KENNELLY
                                                                            United States District Judge

Date: January 28, 2016