IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ADRIEL OSORIO, on behalf of himself )
and all similarly situated persons, )
 )
          Plaintiff, )
 )
  vs. )   Case No. 15 C 15
 )
THE TILE SHOP, LLC, )
 )
          Defendant. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Adriel Osorio alleges that during the time he worked for The Tile Shop, LLC, he was required to work 50–55 hours per week but was not paid overtime compensation in violation of the Fair Labor Standards Act (FLSA) and the Illinois Minimum Wage Law (IMWL). He also alleges that Tile Shop made unauthorized deductions from his paycheck in violation of the Illinois Wage Payment and Collection Act (IWPCA), 825 ILCS 115/9.

The Court granted Tile Shop's motion for partial judgment on the pleadings on Osorio's IWPCA claim in November 2015. *See Osorio v. The Tile Shop*, No. 15 C 15, 2015 WL 7688442, at *4 (N.D. Ill. Nov. 27, 2015) ("*Osorio 1*"). The Court subsequently denied Osorio's motion for reconsideration. *See Osorio v. The Tile Shop*, No. 15 C 15, 2016 WL 316941 (N.D. Ill. Jan. 28, 2016) ("*Osorio 2*"). Osorio now seeks leave to file a second amended complaint to assert a modified version of his IWPCA claim. For the reasons stated below, the Court grants Osorio's motion.

**Discussion**

The IWPCA prohibits an employer from deducting earned wages from an employee's compensation except under certain particular circumstances. Deductions are permitted only where they are "(1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; [or] (4) made with the express written consent of the employee, given freely at the time the deduction is made."[1] 820 ILCS 115/9. In his first amended complaint, Osorio alleged that Tile Shop violated the IWPCA because it entered into an agreement to pay wages and then made deductions from those wages without his freely given express written consent. *See* Am. Compl., dkt. no. 55, ¶¶ 48–52.

Osorio attached to his complaint a copy of a letter offering him employment and referring to Tile Shop's "Salesperson Pay Plan and Policy." The Pay Plan that Osorio signed in September 2013, a copy of which Tile Shop submitted in its motion for partial judgment on the pleadings, states in relevant part:

> All full time sales representatives' compensation is comprised of commissions earned on Net Sales gross profit dollars, Spiffs earned on Net Sales dollars, and periodic incentives. If compensation earned during a pay period is less than $1,000.00 dollars, the employee will be paid the difference as a recoverable draw. This draw will be recovered from future compensation in excess of $1,000.00 on the following pay periods until paid in full. The pay period draw amount of $1,000.00 is based on an annual amount of $24,000.00.

Def.'s Ex. A, dkt. no. 56-1, at 1. Osorio's first amended complaint alleged that this compensation scheme led Tile Shop to make unlawful deductions from his earned wages.

---

[1] There are also exceptions, not relevant here, for deductions made by government entities. *See* 820 ILCS 115/9(5)–(6).

In their briefs arguing over Tile Shop's motion for partial judgment on the pleadings, the parties directed the Court's attention to portions of the Illinois Administrative Code containing regulations implementing the IWPCA. In its order granting Tile Shop's motion for partial judgment on the pleadings, the Court concluded that by signing the Pay Plan attached to his offer of employment, Osorio gave advance authorization of the wage deductions at issue. *Osorio 1*, 2015 WL 7688442 at *4. The Court relied, in part, on a provision of the Administrative Code to which neither side had devoted much attention. Although Osorio had classified the deductions as wage deductions in his amended complaint, the Court observed that the deductions in this case looked like the recoupments of cash advances described in section 300.750 of title 56 of the Administrative Code. That provision states that "[i]f a cash advance is to be repaid through payroll deductions, both the employer and the employee must sign an agreement specifying the amount of the advance, the repayment schedule, and the method of repayment." 56 Ill. Admin. Code 300.750. The Court found that the Pay Plan did just that and that Osorio's agreement to the Plan's terms qualified as "express written consent of the employee, given freely at the time the deduction [was] made," within the meaning of 820 ILCS 115/9. *Osorio 1*, 2015 WL 7688442 at *4.

In his motion for reconsideration, Osorio argued that the Pay Plan he signed was not an agreement to repay a cash advance, for two reasons. First, he argued that any such agreement must be memorialized in documents executed at the time the employer advances money and at the time the employer makes a recoupment. Second, Osorio argued that even if one document were enough to serve as an "agreement" under the regulation, this particular agreement would be invalid under section 300.800 of the

3

Administrative Code, which states that "[n]o cash advance repayment agreement shall provide for a repayment schedule of more than 15% of an employee's gross wages or final compensation per paycheck." 56 Ill. Admin. Code 300.800.

The Court did not address Osorio's argument under section 300.800 because it determined that even if the Pay Plan was not an agreement to repay cash advances, Osorio's agreement to the Plan "was sufficient to provide express written authorization for the deductions at issue." *Osorio 2*, 2016 WL 316941 at *2. Because Osorio's complaint classified Tile Shop's deductions as wage deductions rather than cash advances, and because Osorio gave express written consent for these deductions within the meaning of 820 ILCS 115/9, the Court denied Osorio's motion for reconsideration. *Id.*

Osorio now seeks to amend his complaint to recharacterize Tile Shop's draws as cash advance recoupments. In his proposed second amended complaint, Osorio contends that the Pay Plan was an unlawful agreement to permit the recoupment of cash advances in excess of 15% of his wages. He does not allege that the agreement said this in so many words. Rather, he contends that pursuant to the Plan's general authorization, Tile Shop deducted an amount equaling 19.855% of his paycheck on one occasion and an amount equaling 47.194% of his paycheck on another. These deductions, Osorio alleges, exceed the maximum legally authorized recoupment of cash advances.

Tile Shop filed a memorandum in opposition to Osorio's motion. It argued that the amendment was untimely and therefore unfairly prejudicial, but it has since withdrawn that argument. Tile Shop's primary argument, and the one that the Court

4

addresses in this decision, is that the amendment would be futile because Osorio's new claim is legally deficient.

Tile Shop's futility argument centers on its contention that courts typically do not consider "recoverable draws" like those to which Osorio agreed in the Pay Plan to be cash advances. Tile Shop first notes that no federal or state court has yet addressed whether draws against commission constitute cash advances under the Illinois Administrative Code. It then points out that draws against commission are common payment schemes that courts in other jurisdictions have declined to classify as cash advances.

Osorio's first response to Tile Shop's argument is that at least one court in this jurisdiction has determined what constitutes a cash advance: this one, in the Court's order granting Tile Shop's motion for judgment on the pleadings. The Court disagrees; it made no such finding. The Court concluded in *Osorio 1*, based on a reading of section 300.750 standing alone, that "Osorio was *in effect* getting periodic cash advances and then was being required to repay them." *Osorio 1*, 2015 WL 7688442, at *4 (emphasis added). The only reference either party made to this section of the Administrative Code was in a footnote in Osorio's surreply opposing partial judgment on the pleadings. *See* Pl.'s Surreply, dkt. no. 64, at 2 n.2. Even then, the closest Osorio came to asking the Court to deem the Pay Plan an agreement to repay cash advances was saying, "in cases of cash advances that are recouped through later payroll deductions, as here, employers are not only required to get written consent at the time of the deduction or advance, the employer and employee must also both sign a consent agreement to the deduction." *Id.* The Court was not asked to determine whether draws

5

against commission are a type of cash advance recoupment, and it did not so decide. Rather, the Court simply observed that Tile Shop's pay policy appeared to contemplate a scheme similar to the one described in section 300.750.

The Court certainly understands that the language of *Osorio 1* might have been something less than a model of clarity. But the Court made clear in *Osorio 2* that its decision was premised on the proposition that by signing the Pay Plan, Osorio gave express written authorization for the wage deductions he challenges. *See Osorio 2*, 2016 WL 316941 at *2 ("[E]ven if it was not an agreement to repay cash advances, the Pay Plan Policy that Osorio signed was sufficient to provide express written authorization for the deductions at issue."). Osorio argues that were the Court "to reverse its prior holding that Defendant was providing cash advances, then the Court would also be compelled to overturn its order granting [partial judgment on the pleadings], as the Court's ruling on that motion was predicated on Defendant's conduct being construed as cash advances." Pl.'s Mem., dkt. no. 98, at 13. But the Court did not so hold, and its order on reconsideration clarified that its ruling dismissing the IWPCA claim was premised upon Osorio's express agreement to the deductions, not on the characterization of the amounts Tile Shop was recovering as "cash advances."

In short, there is no decision by any federal or state court regarding whether commission draws like those at issue here constitute cash advances under the Illinois Administrative Code. Tile Shop argues that draws against commission are not cash advances because a payment is a cash advance only where an employee has provided no consideration. It says that because Osorio gets the money as compensation for his work, he has given consideration and is therefore not receiving a cash advance. Osorio

6

contends that because he works on commission, he has not, at the time of the draws, provided consideration for anything he is paid above and beyond what he earned by making actual sales.

At this point in the litigation, of course, there has been no factual development regarding how Tile Shop's payment plan works in practice. For this reason, and given the absence of precedent regarding how the arrangement measures up under the IWPCA, the Court believes that the legality of the arrangement is a matter better addressed on summary judgment. The Court therefore declines to find Osorio's amended claim futile but notes that Osorio cannot appropriately consider this an endorsement of his legal theory.

## Conclusion

For the foregoing reasons, the Court grants Osorio's motion for leave to file a second amended complaint [dkt. no. 92]. Tile Shop is directed to file an answer to the second amended complaint by no later than April 15, 2016.

                                                  _____
                                                      MATTHEW F. KENNELLY
                                                      United States District Judge

Date: March 31, 2016